# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DAISY HASTY, individually and on behalf of all others similarly situated Plaintiffs, | CIVIL ACTION NO.: |
| vs. | **JURY TRIAL DEMANDED** |
| FULTONDALE ON TAP, INC.; ON TAP SUMMIT, LLC; ELAINE BEEGLE; AND TODD BEEGLE, | |
| Defendant. | |

## COLLECTIVE ACTION COMPLAINT

### INTRODUCTION

Plaintiff Daisy Hasty asserts claims for unpaid overtime and minimum wages on behalf of herself and all others similarly situated pursuant to the collective action provisions of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA"), against Defendants Fultondale On Tap, Inc.; On Tap Summit, LLC and Elaine Beegle and Todd Beegle due to Defendants' actions of: (1) taking a "tip credit" and paying them less than $7.25 per hour, but splitting a portion of their tips with Defendants' management staff and (2) failing to pay hourly employees at a rate of pay equal to at least one-half times their regular rate of pay for all hours they worked in excess for 40 per

week. In so doing, Defendants acted in a coordinated and calculated scheme and, with a common practice and purpose, deliberately and willfully violated Plaintiff's and the putative FLSA Collective Classes' rights under the FLSA. In addition, Plaintiff Hasty asserts an individual claim for unpaid overtime due to Defendants' willful and intentional failure to issue her any pay at all during all or some of the period from February 2019 to June 2019.

1. Plaintiff Hasty defines the two Proposed Classes as follows:

   a. **Minimum Wage Class:** All persons employed by Defendants since August 2016 who were subjected to an invalid tip credit policy because they were required to kick back a portion of their tips to Defendants' owners and managers in violation of the FLSA.

   b. **Overtime Class:** All persons employed by Defendants since August 2016 who worked in excess of 40 hours per week for Defendant, but were not paid at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 per week.

## JURISDICTION

2. Jurisdiction is conferred upon this Honorable Court by 29 U.S.C. §216(b), this action arising under the FLSA; by 28 U.S.C. §1337, this action arising under Acts of Congress regulating commerce; and by 28 U.S.C. §1331, this action involving questions of federal law. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## PARTIES

4. Plaintiff Hasty at all times pertinent hereto was a resident of the State of Alabama and worked for Defendants as a bartender and waitress from February 2017 to July 2019.

5. While working for Defendant as a bartender, Plaintiff was subjected to Defendants' policy of taking a "tip credit" and therefore not paying her the regular federal minimum wage of $7.25 per hour.

6. However, Defendants also split a portion of her tips with Defendants' managers, in violation of the "tip credit" provisions of the FLSA.

7. In this manner, Plaintiff Hasty did not receive all minimum wage pay she was owed for all hours that she worked.

8. In addition, Defendants routinely required Plaintiff Hasty and similarly situated employees to work in excess of 40 hours per week, but did not pay them at a rate of pay equal to one and one-half their hourly rate of pay for all hours in excess of 40 they worked.

9. Named Defendants herein are:

   a. Fultondale On Tap, Inc., an Alabama corporation authorized to do and doing business in the County of Jefferson, State of Alabama which states that its purpose is to "manage/operate restaurant and pub" and is the sole member of On Tap Summit, LLC;

   b. On Tap Summit, LLC, an Alabama corporation authorized to and doing business in the County of Jefferson, State of Alabama as a network of restaurants and pubs known under the operating or trade name of "On Tap";

   c. Elaine Beegle, owner and managing member of On Tap Summit, LLC and one of the persons directly responsible for implementing the policies complained of herein; and

   d. Todd Beegle, manager of On Tap Summit, LLC and one of the persons directly responsible for implementing the policies complained of herein.

   e. Unless otherwise stated, Defendants will collectively be referred to herein as "Defendants."

## FACTUAL BACKGROUND

10. All previous paragraphs are incorporated as though fully set forth herein.

11. Plaintiff and the putative FLSA Collective Action Plaintiffs were hired by Defendants to work as waitresses and bartenders in their network of restaurants and pubs known as "On Tap."

12. At all times material hereto, Plaintiff and the members of the FLSA Collective Action Classes were "engaged in commerce" within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

13. At all times material hereto, Plaintiff and the members of the FLSA Collective Action Classes were "engaged in the production of goods" for commerce within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

14. Specifically, Defendants served customers who traveled interstate, used materials and food products from out of state in their products and utilized interstate wires to make financial transactions as a routine part of their business and the services provided to Defendants by Plaintiff and the members of the FLSA Collective Action Classes were an integral part of Defendants' interstate business.

15. At all times material hereto, Plaintiff and the members of the FLSA Collective Action Classes were the "employees" of Defendants within the meaning of FLSA.

16. At all times material hereto, Defendants were an "enterprise engaged in commerce" within the meaning of FLSA.

17. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

18. At all times material hereto, the work performed by the Plaintiff and the members of the FLSA Collective Action Classes were directly essential to the business performed by Defendants.

19. In calculating the rate of pay for Plaintiff and the members of the proposed Minimum Wage class, Defendants took a "tip credit", meaning that it offset the minimum wage they paid to Plaintiff and the members of the proposed class by the tips that those employees received.

20. However, Defendants' managers also took a portion of the tips earned by Plaintiff and the members of the proposed Minimum Wage class.

21. In order to take a "tip credit" and therefore be relieved of having to pay Plaintiff and the members of the proposed Minimum Wage class the statutorily mandated minimum wage per hour, Defendants' managers were prohibited from taking these employees' tips.

22. Because Defendants' management took a portion of Plaintiff and the proposed Minimum Wage Class's tips, Defendants violated this

provision of the FLSA and therefore, their efforts to take a "tip credit" are invalid.

23. Accordingly, Plaintiff and the members of the proposed Minimum Wage Class are entitled to payment of the difference between their hourly rate of pay and the federal minimum wage (including any overtime pay that was improperly paid at the "tip credit amount of pay") and also to the return of any tips improperly taken by Defendants' managers.

24. In addition, Defendants required Plaintiff and the members of the proposed Overtime Class to work in excess of 40 hours per week.

25. However, Defendants did not pay Plaintiff and members of the proposed Overtime Class a rate of one and one-half times their hourly rate of pay for each hour worked in excess of 40 per week, in direct violation of the FLSA's overtime provisions.

**COLLECTIVE ACTION ALLEGATIONS**

26. Plaintiff brings the claims for unpaid overtime and unpaid minimum wage asserted herein as a collective action pursuant to the FLSA, 29 U.S.C. §216(b).

27. Although it is likely that some, if not all, of the same employees were subjected to Defendants' improper tip credit and overtime policies, Plaintiff proposes that these claims may best be brought as two separate

FLSA Collective Action classes: the Minimum Wage Class and the Overtime Class.

28. In this manner, the minimum wage and overtime claims may be brought and maintained as two "opt-in" collective actions pursuant to the FLSA, for the unpaid overtime and minimum wage claims asserted by Plaintiff are similar to the claims for unpaid overtime and minimum wages of the members of the Plaintiff's respective proposed Collective Action Classes.

29. Members of the proposed Collective Action Classes are similarly situated, as they have substantially similar job requirements and provisions and are subject to a common practice, policy or plan that requires them to perform work without minimum wage and/or overtime compensation.

30. Plaintiff is representative of the other current and former employees that comprise their respective proposed Collective Action Classes and is acting on behalf of their interests as well as Plaintiff's own interests in bringing this action.

31. Plaintiff will fairly and adequately represent and protect the interests of the members of the proposed Collective Action Classes. Plaintiff has retained counsel competent and experienced in complex employment class action and collective action litigation.

32. These similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

33. These similarly situated employees may readily be notified of this action, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid minimum wages, unpaid overtime compensation, liquidated damages, and attorneys' fees and costs under the FLSA.

### COUNT I: "THE MINIMUM WAGE CLASS": COLLECTIVE ACTION CLAIM FOR VIOLATION OF THE FLSA'S "TIP CREDIT" PROVISIONS

34. All previous paragraphs are incorporated as though fully set forth herein.

35. Defendants are employers covered by the minimum wage mandate of the FLSA, and Plaintiff and the proposed Minimum Wage Class were entitled to the FLSA's minimum wage protections.

36. Specifically, the FLSA also requires that employees must be paid a minimum hourly wage during an applicable pay period. 29 U.S.C. § 206 and 29 U.S.C. § 215(a)(2).

37. Defendants violated the FLSA by failing to pay Plaintiff and the proposed Minimum Wage Class the legally mandated minimum wage for every hour that they worked.

38. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, by implementing a management policy, plan or decision that intentionally provided for the compensation of Plaintiff and the proposed Minimum Wage Class as if they were exempt from coverage under 29 U.S.C. §§201 through 219, disregarding the fact that they were not exempt.

39. At all times material hereto, Defendants failed to maintain proper time records as mandated by the FLSA.

40. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the proposed Minimum Wage Class at the federally-mandated minimum wage for all hours when they knew, or should have known, such was and is due.

41. Defendants have failed to properly disclose or apprise Plaintiff and the proposed Minimum Wage Class of their rights under the FLSA.

42. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and the proposed Minimum Wage Class suffered lost minimum wages plus liquidated damages.

43. Plaintiff and the proposed Minimum Wage Class are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

### COUNT II: THE "OVERTIME CLASS": COLLECTIVE ACTION CLAIM FOR VIOLATION OF THE FLSA'S OVERTIME PROVISIONS

44. All previous paragraphs are incorporated as though fully set forth herein.

45. Defendants are employers covered by the overtime pay mandates of the FLSA, and Plaintiff and the proposed Overtime Class were entitled to the FLSA's overtime protections.

46. Specifically, the FLSA requires that employees who work over 40 hours in a workweek receive overtime compensation "not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1) and 29 U.S.C. § 215(a)(2).

47. Defendants violated the FLSA by failing to pay Plaintiff and the proposed Overtime Class the legally-mandated hourly overtime premium for hours worked over 40 in a workweek.

48. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, by implementing a management policy, plan or decision that intentionally provided for the compensation of Plaintiff and the proposed

Overtime Class as if they were exempt from coverage under 29 U.S.C. §§201 through 219, disregarding the fact that they were not exempt.

49. At all times material hereto, Defendants failed to maintain proper time records as mandated by the FLSA.

50. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the proposed Overtime Class at the statutory rate of one and one-half times their regular rate of pay for the hours worked in excess of forty (40) hours per week when they knew, or should have known, such was and is due.

51. Defendants have failed to properly disclose or apprise Plaintiff and the proposed Overtime Class of their rights under the FLSA.

52. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and the proposed Overtime Class suffered lost minimum wage and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

53. Plaintiff and the proposed Overtime Class are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

**COUNT III: INDIVIDUAL CLAIM FOR VIOLATION OF THE FLSA'S MINIMUM WAGE AND OVERTIME PROVISIONS**

54. All previous paragraphs are incorporated as though fully set forth herein.

55. As was set forth above, Defendants are employers governed by the minimum wage provisions of the FLSA.

56. During all or some of the period from February 2019 to June 2019, Defendants failed to issue any paychecks or pay at all to Plaintiff Hasty.

57. In doing so, Defendants deprived Plaintiff Hasty of the minimum wages and overtime to which she was legally due during this time period.

58. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA.

59. Defendants have failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

60. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered lost minimum wages and overtime damages, plus liquidated damages.

61. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## CONSENT

62. Plaintiff's consent to file this Complaint is evidenced by her signature on the FLSA Consent Form that is attached hereto as Exhibit "A."

## JURY DEMAND

63. Plaintiff requests a jury trial on all claims so triable.

## ATTORNEY'S FEES

64. Plaintiff and the members of the proposed FLSA Collective Action Classes are entitled to an award of prevailing party attorney's fees pursuant to the FLSA. 29 U.S.C. § 201-209.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Daisy Hasty, pray that Defendants, Fultondale On Tap, Inc.; On Tap Summit, LLC; Elaine Beegle and Todd Beegle, be duly served with a copy of this Complaint and that after due proceedings are had, that there be judgment rendered herein in favor of Plaintiff and the proposed FLSA Collective Action Classes and against Defendants for all damages reasonable in the premises, and demands a judgment containing the following:

a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the overtime and minimum wage provisions of the FLSA;

b. Enjoining prohibiting Defendants from engaging in future minimum wage pay, overtime or other FLSA violations;

c. Awarding Plaintiff and the proposed FLSA Collective Action Class minimum wage, overtime and other compensation for the hours worked for Defendants;

d. Awarding Plaintiff and the proposed FLSA Collective Action Class liquidated damages in an amount equal to the minimum wage, overtime and other compensation award;

e. Awarding Plaintiff individually all minimum wage and overtime to which she is entitled on her individual claims, plus an equal amount as liquidated damages;

f. Awarding Plaintiff and the proposed FLSA Collective Class reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

g. Awarding Plaintiff and the proposed FLSA Collective Action Class pre-judgment interest and all other interest to which they are entitled;

h. Awarding Plaintiff and the proposed FLSA Collective Action Class all other relief to which they are entitled.

                                        Respectfully Submitted,
                                        /s/ Jody Forester Jackson
                                        Jody Forester Jackson ASB-1988-O77J

OF COUNSEL:

Jody Forester Jackson, ASB-1988-077J
JACKSON+JACKSON
2100 Southbridge Parkway
Suite 650
Birmingham, Alabama 35209
T: (205) 414-7467
F: (888) 988-6499
E: jjackson@jackson-law.net


**<u>Plaintiff Will Request Service</u>**
**<u>By Certified Mail</u>**