# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| DAISY HASTY, *individually and on behalf of all others similarly situated*, | ) ) ) |
| Plaintiff, | ) ) ) Case No.: 2:19-cv-01456-SGC |
| v. | ) ) |
| FULTONDALE ON TAP, INC., et al., | ) ) |
| Defendants. | ) |

## ORDER

This is an action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), by Daisy Hasty, individually and on behalf of all others similarly situated (the "plaintiff"). (Doc. 1). Pending before the undersigned is the plaintiff's opposed motion for leave to file an amended complaint. (Doc. 29). Fultondale On Tap, Inc., On Tap Summit, LLC, Elaine Beegle, and Todd Beegle (the "defendants") have responded to the motion (Doc. 31), and the plaintiff has replied (Doc. 33). For the reasons discussed below, the motion is due to be denied.

**I. Background**

The plaintiff commenced this action by filing a complaint on September 3, 2019, asserting collective action claims against the defendants for (1) enforcing an invalid "tip credit" policy that resulted in the plaintiff and other employees of the defendants being paid less than minimum wage and (2) failing to pay hourly employees at a rate of at least one-and-one-half times their regular rate of pay for hours worked in excess of forty each week. (Doc. 1). She also asserts an individual claim against the defendants for failing to pay her at all during some or all of the period from February 2019 to June 2019. (*Id.*). On November 21, 2019, the undersigned entered a scheduling order that set January 6, 2020, as the deadline for amendment of pleadings. (Doc. 21). That

deadline was the one proposed by the parties in their report of the planning meeting conducted pursuant to Rule 26(f) of the *Federal Rules of Civil Procedure*. (Doc. 20 at 3).

The plaintiff filed her motion for leave to file an amended complaint on April 30, 2020, more than three months after the deadline for amendment of pleadings set out in the scheduling order. (Doc. 29). The plaintiff's proposed amended complaint would add a collective action claim against the defendants for requiring the plaintiff and other employees to report to work at least fifteen minutes before the start of their shifts but failing to pay employees for this time. (Doc. 29-2). In the memorandum of law supporting her motion, the plaintiff states that while she was subjected to this requirement during her employment with the defendants, she was not aware the requirement was a formal policy that applied to all similarly situated employees until she obtained certain discovery from the defendants after the pleadings amendment deadline had passed. (Doc. 29-1 at 2, 5). The defendants oppose the proposed amendment on the grounds it is untimely and the plaintiff has failed to show the requisite good cause. (Doc. 31).

## II. Discussion

"A plaintiff seeking leave to amend its complaint after the deadline designated in a scheduling order must demonstrate 'good cause' under [Rule 16(b) of the *Federal Rules of Civil Procedure*]." *Southern Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009); *see also* FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (internal quotation marks omitted). " 'This rule is strictly enforced, particularly where . . . the nonmovant has objected to the proposed amendment as untimely under the applicable scheduling order.'" *Allstate Ins. Co. v. Regions Bank*, 2014 WL

4162264, at *2 (S.D. Ala. Aug. 19, 2014) (quoting *Roberson v. BancorpSouth Bank, Inc.*, 2013 WL 4870839, at *1 (S.D. Ala. Sept. 12, 2013)).  If a party seeking leave to file an untimely amendment establishes good cause under Rule 16(b), only then will a court consider whether the amendment is proper under the liberal amendment standard of Rule 15(a) of the *Federal Rules of Civil Procedure*.  *Sosa*, 133 F.3d at 1419 (reasoning that if [a court] considered only Rule 15(a) without regard to Rule 16(b), [it] would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the *Federal Rules of Civil Procedure*.").

The Rule 16(b) standard is met where evidence supporting a proposed amendment " 'would not have been discovered in the exercise of reasonable diligence until after the amendment deadline had passed.'"  *Allstate Ins. Co.*, 2014 WL 4162264, at *3 (quoting *United States v. Godwin*, 247 F.R.D. 503, 506 (E.D.N.C. 2007)).  By contrast, the Rule 16(b) standard is not met where the party moving to amend "knew or should have known the relevant facts prior to the deadline." *Id.* at *4; *see also Kendall v. Thaxton Road LLC*, 443 F. App'x 388, 393 (11th Cir. 2011) (holding district court did not abuse its discretion in denying motion to amend filed more than two months after deadline set out in scheduling order, where facts plaintiff sought to add to complaint were known to him at time he filed initial complaint); *Sosa*, 133 F.3d at 1419 (holding district court did not abuse its discretion in denying untimely motion to amend complaint, where information supporting proposed amendment was available to plaintiff even before she filed suit); *Cooper v. Navient Sols., LLC*, 2017 WL 4863905, at *2 (M.D. Fla. May 26, 2017) (denying motion to amend complaint filed more than one month after amendment deadline, where it appeared facts supporting claims plaintiff sought to add were always available to her).

Here, the plaintiff knew well before the pleadings amendment deadline that the defendants required her to work for fifteen unpaid minutes each shift, even if she did not know the defendants required this of other employees.  Nonetheless, she did not include in her original complaint an individual claim against the defendants based on the requirement.  Moreover, although the plaintiff states she did not learn the requirement applied to employees other than herself until obtaining certain discovery from the defendants after the pleadings amendment deadline, she does not indicate when she served the defendants with the request to which the discovery was responsive or more precisely when the defendants supplied her with the discovery.  The undersigned considers that information to be essential to a determination of diligence, given the plaintiff's existing knowledge of her own claim against the defendants based on the fifteen-minute policy.  The burden of demonstrating diligence rests on the party seeking relief from a scheduling order deadline, *Allstate Ins. Co.*, 2014 WL 4162264, at *2, and the plaintiff in this case has failed to satisfy her burden.

### III. Conclusion

For the foregoing reasons, the plaintiff's motion for leave to file an amended complaint (Doc. 29) is **DENIED**.

**DONE** this 1st day of July, 2020.

STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE