# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DAISY HASTY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:19-cv-01456-SGC |
| FULTONDALE ON TAP, INC., | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT

COME NOW the Plaintiff, Daisy Hasty ("Plaintiff"), and the Defendants, Fultondale On Tap, Inc., On Tap Summit, LLC, Elaine Beegle, and Todd Beegle (collectively, "Defendants"), and jointly move for the Court to approve the Parties' Settlement Agreement, which resolves this matter without compromise as to the amount Plaintiff claims under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), despite the fact that Defendants dispute and deny liability for the same. Counsel for Defendants has Plaintiff's counsel's expressed consent to file this Joint Motion with his electronic signature.

In support of this Motion, the Parties state as follows:

1. Plaintiff initiated this action against Defendants, alleging that Defendants unlawfully failed to pay her appropriate minimum wages and overtime compensation for work in violation of the FLSA.

2. Plaintiff believes that the cause of action, allegations, and contentions asserted in this action have merit and that the evidence developed to date supports the cause of action asserted. Defendants deny Plaintiff's allegations. As such, this is a highly disputed claim. However, the Parties recognize and acknowledge that the expense in time and money of litigation, the uncertainty and risk of litigation, as well as the difficulties and delays inherent in such litigation, make settlement of this matter a mutually appealing resolution.

3. Accordingly, the Parties have reached a Settlement Agreement to resolve the Plaintiff's claims for back wages. The Agreement is attached hereto as Exhibit A. Pursuant to applicable Eleventh Circuit precedent, this Court is empowered to review and approve the provisions of such settlement agreements in actions brought for back wages under the FLSA. *See Lynn Food Stores v. United States*, 679 F.2d 1350 (11th Cir. 1982). Because the Parties have agreed that the terms reflected in this Agreement are mutually satisfactory and the monetary relief for an otherwise bona fide dispute exceeds any payment due under the applicable two year statute of limitations, including liquidated damages payment for an otherwise bona fide dispute, the Parties respectfully request that the Court approve the Settlement Agreement.

4. In support of this joint request that the Court approve the Parties' Settlement Agreement, Plaintiff submits that she is satisfied that she will be

reasonably compensated under the terms of the Settlement Agreement for the alleged unpaid back wages to which she claims to be entitled during the two year period preceding the filing of his lawsuit.

5.     During the two-year liability period, Plaintiff claims that she is entitled to compensation at a rate of $7.25 per hour for all the time she was engaged in serving duties while participating in a tip pool and overtime compensation, not barred by the applicable statute of limitations. Defendants strongly dispute this assertion and deny that that the tip pool was invalid. Defendants contend that the statute of limitations bars some or all of Plaintiff's claims.  Defendants contend that any violation was made in good faith.

6.     The Plaintiff's recovery under the Agreement represents 100% of the total actual unpaid wages she could have obtained at trial, including liquidated damages. *See* Ex. A, Settlement Agreement.  As such, under any standard of review or scrutiny, the Settlement Agreement entered into by the parties is a fair and reasonable resolution of the Plaintiff's claims for unpaid minimum wages.

7.     The Settlement Agreement is the culmination of extensive negotiations between the Parties to resolve this matter.  The settlement figures agreed to by the Parties bear a reasonable and fair relationship to the amount due to Plaintiff and also take into consideration the inevitable risks of litigation and defenses raised by Defendants.  The Parties entered into this settlement in recognition of those risks

inherent in any litigation – specifically, for Plaintiff, the risk of no recovery, and for the Defendants, the risk of a verdict against them on the merits.  Because of these risks, the Settlement Agreement, which provides for significant compensation to Plaintiff, as well as a payment of attorneys' fees and costs to her counsel for prosecuting this matter, at minimum represents a fair and reasonable compromise of this matter.

8. In addition, the attorneys' fees and costs called for under the Settlement Agreement are fair and reasonable.  *See* Ex. A, Settlement Agreement. Plaintiff's counsel expended extensive time studying Defendants' voluminous records, as well as time negotiating with Defendants and preparing damages calculations. *See* Exhibit B, Declaration of Jody Forester Jackson. Defendants agree Plaintiff's attorneys' hours and rates are reasonable and to pay these amounts in light of the costs, work performed, hours spent, likely hourly rates awardable, and in an effort to expedite payment to Plaintiff and to avoid costs and delay associated with continued litigation and fee petition.

9. The attorneys' fees and costs do not compromise or reduce the Plaintiff's recovery. The fees and costs were determined separate and apart from the Plaintiff's settlement amounts, and only after those amounts were accepted by the Plaintiff.  As such, the Court should approve the settlement without separately considering the reasonableness of the fee to be paid to Plaintiff's counsel, except in

circumstances where the "settlement does not appear reasonable on its face or there is reason to believe that the Plaintiff's recovery was adversely affected by the amount of fees paid to his attorney." *Smitherman v. Chow Lao Liew, LLC*, 2016 WL 950359 at *2 (N.D. Ala. Mar. 14, 2016). *See also Crabtree v. Volkert*, 2013 WL 593500, at *7 (S.D. Ala. Feb. 14, 2013). Such deference is warranted because "'the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement' and '[i]f the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable.'" *Gross v. Statewide Healthcare Servs.*, 2016 WL 8454094, at *2 (S.D. Ala. May 10, 2016) (quoting *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1227 (M.D. Fla. 2009)).

10. Both parties here are represented by experienced counsel who were able to adequately represent their clients' respective positions during settlement discussions. The settlement discussions took place after an exchange of relevant documents including pay and time records, which allowed counsel the ability to evaluate the claims and defenses presented and their impact on this litigation. The Court should approve the parties Settlement Agreement even if it considers the fees and cost paid to Plaintiff's counsel because the hours expended and rates requested are fair and reasonable based on Plaintiff's counsel's background, experience, and previously awarded rates. *See* Exhibit B.

11. Finally, upon approval of this motion and the entering of a stipulated judgment, the parties request this Court dismiss this action with prejudice.

WHEREFORE, the Parties respectfully request that the Court enter an Order granting this Joint Motion for Approval of Settlement Agreement and dismissing this action with prejudice.

Respectfully submitted this the 26th day of January 2021.

<u>s/Breanna H. Young</u>
Breanna H. Young
STARNES DAVIS FLORIE LLP
100 Brookwood Place, Seventh Floor
Birmingham, Alabama 35209
205-868-6000 (Phone)
205-868-6099 (Fax)
*byoung@starneslaw.com*

Attorney for the Defendants

<u>s/Mary B. Jackson*</u>
Jody F. Jackson
Mary B. Jackson
JACKSON & JACKSON
2100 Southbridge Parkway #650
Birmingham, AL 35209
*jjackson@jackson-law.net*
*mjackson@jackson-law.net*

Attorneys for the Plaintiff

* Signed with express permission

# EXHIBIT A: SETTLEMENT AGREEMENT

## SETTLEMENT AGREEMENT AND RELEASE

This Confidential Settlement Agreement and Release ("Agreement") is between **Daisy Hasty** ("Hasty") and **Fultondale On Tap, Inc, On Tap Summit, LLC, Elaine Beegle**, and **Todd Beegle** (collectively, "On Tap"). The parties to this Agreement may be referred to individually as a "Party" or collectively as the "Parties."

WHEREAS, Hasty filed a Collective Action Complaint against Fultondale On Tap, Inc., On Tap Summit, LLC, Elaine Beegle, and Todd Beegle, alleging violations of the Fair Labor Standards Act that is presently pending in the United States District Court for the Northern District of Alabama, Southern Division, Civil Action No. 2:19-cv-01456-SGC (the "Lawsuit");

WHEREAS, On Tap denies the allegations in the Lawsuit and any and all liability and damages of any kind to anyone with respect to the alleged facts or causes of action asserted in the Lawsuit;

WHEREAS, this confidential settlement is not an admission of liability, nor is it to be construed as an admission that On Tap is or was liable to any individual in any amount;

WHEREAS, On Tap and Hasty recognize that the outcome of the Lawsuit is uncertain and that achieving a final result through the litigation process would require substantial additional risk, discovery, time, and expense;

WHEREAS, Hasty and her counsel have conducted an investigation and evaluation of the facts and law relating to the claims asserted in the Lawsuit and believe, in view of the costs, risks, and delay of continued litigation balanced against the benefit of settlement, that the settlement as provided in this Agreement is in the best interests of Hasty and that the settlement provided in this Agreement represents a fair, reasonable, and adequate resolution of the Lawsuit; and

WHEREAS, Hasty and On Tap mutually desire to resolve their disputes.

NOW THEREFORE, in consideration of the mutual promises and covenants herein, it is agreed as follows:

{83708097}                                          1 of 7

1. <u>SETTLEMENT CONSIDERATION</u> – To resolve Hasty's claims, On Tap agrees to pay the gross amount of Six Thousand Dollars and No Cents ($6,000.00) to Hasty along with Fourteen Thousand Dollars and No Cents ($14,000.00) to Hasty's attorney in attorney's fees and costs subject to approval by the Court. The Settlement Payment shall be payable through three checks as follows. The first check will be payable to Daisy Hasty in the gross amount of Two Thousand Six Hundred Seventy-Eight Dollars and Two Cents ($2,678.02), less any applicable federal, state, and local taxes, and will be reported to Hasty on Internal Revenue Service Form W-2. The second check will be payable to Daisy Hasty in the amount of Three Thousand Three Hundred Twenty-One Dollars and Ninety-Eight Cents ($3,321.98). The third check will be payable to Jackson and Jackson in the amount of Fourteen Thousand Dollars and No Cents ($14,000.00). The second and third checks will be issued under Form 1099 as required by the Internal Revenue Service. The amount to be paid to Hasty represents all unpaid minimum wages owed to her under the Fair Labor Standards Act plus an amount for liquidated damages, this general release, and confidentiality. Within ten (10) days of the Court's order approving this Settlement Agreement, On Tap will deliver the settlement payments to Hasty's attorney. The parties agree that no part of any payments by On Tap pursuant to this Settlement Agreement constitutes (i) a fine or penalty under any law or (ii) a payment to settle any actual or potential liability for a fine or penalty under any law.

2. <u>TAX LIABILITY</u> – Other than the applicable employment taxes associated with the payments in Paragraph 1 above, Hasty is and shall be solely responsible for all federal, state and local taxes that may be owed by Hasty by virtue of the receipt of any portion of the monetary payments referenced above. Hasty agrees to indemnify and hold On Tap and all Released Parties harmless from any and all liability, including, without limitation, all penalties, interest and other costs that may be imposed by the Internal Revenue Service or other governmental agencies regarding any tax obligations that may arise from the monetary consideration made to Hasty under this Agreement.

3. <u>BONA FIDE DISPUTE</u> – The Parties agree that On Tap is making the settlement payments to resolve all disputed wage and hour claims, any claim for

compensation for work performed, and that this Agreement constitutes a good-faith settlement of all such disputes and/or claims that have arisen or may arise between Hasty and On Tap.

4. RELEASE – In exchange for the consideration indicated in Paragraph 1, Hasty hereby releases and forever discharges On Tap and each of its divisions, affiliates, parents, subsidiaries, operating companies, and insurers, and the respective officers, directors, employees, agents and affiliates of each of them (collectively, the "Released Parties") from any and all causes of action, lawsuits, proceedings, complaints, charges, debts, contracts, judgments, damages, claims, and attorney fees against the Released Parties, whether known or unknown, which Hasty ever had, now has or which Hasty or Hasty's heirs, executors, administrators, successors or assigns may have prior to the date this Agreement is signed by Hasty, due to any matter whatsoever relating to Hasty's employment, compensation, benefits, and/or separation of Hasty's employment with On Tap or any of its subsidiaries (collectively, the "Released Claims"). The Released Claims include, but are not limited to, any claim that any of the Released Parties violated the National Labor Relations Act, Title VII of the Civil Rights Act of 1964, the Equal Pay Act, the Consolidated Omnibus Budget Reconciliation Act, the Family and Medical Leave Act, Sections 1981 through 1988 of Title 42 of the United States Code, the Employee Retirement Income Security Act, the Immigration Reform Control Act, the Pregnancy Discrimination Act, the Americans with Disabilities Act, and/or the Occupational Safety and Health Act; any claim that any of the Released Parties violated any other federal, state or local statue, law, regulation or ordinance; any claim of unlawful discrimination of any kind; any public policy, contract, tort, or common law claim; any claim that was or could have been asserted; and any claim for costs, fees, or other expenses including attorney's fees incurred in these matters. The intent of Hasty is to release On Tap from any and all damages, known or unknown, in existence or that could arise later, including without limitation, claims for damages, costs, expenses, wages, backpay, relocation expenses, pain and suffering, mental anguish, past or future medical costs or expenses, and attorney's fees and costs, arising out of her employment with and/or separation from On Tap.

5. <u>COVENANT NOT TO SUE</u> – Hasty agrees not to file or initiate a lawsuit in any court or initiate an arbitration proceeding asserting any of the Released Claims against any of the Released Parties. Hasty further agrees that she will not permit herself to be a member of any class in any court or in any arbitration proceeding seeking relief against the Released Parties based on claims released by this Agreement, and that even if a court or arbitrator rules that she may not waive a claim released by this Agreement, she will not accept or be entitled to any money damages or other relief in connection with any action or proceeding asserting any of the Released Claims against any of the Released Parties.

6. <u>WAIVER OF DAMAGES</u> – Nothing herein is intended to or shall interfere with Hasty's right to participate in a proceeding with any appropriate federal, state or local government agency enforcing federal or state discrimination laws and/or cooperating with said agency in its investigation, but any claims by Hasty for any monetary relief associated therewith have been released as set forth above.

7. <u>CONFIDENTIALITY</u> – The Parties agree to keep the terms and conditions of this Agreement strictly confidential. The Parties represent that they have not disclosed and agrees that they will not disclose, instigate the disclosure of, or cause to be disclosed, the existence of this Agreement or any of the terms, conditions, amounts, or any other details of this Agreement to anyone other than the Parties' respective attorneys and tax or financial advisors, or as may be required pursuant to legal process. While the Parties will keep the terms of the Agreement confidential, nothing within this Agreement places such a burden on the Court.

8. <u>NONADMISSION OF WRONGDOING</u> – Hasty and On Tap agree this Agreement does not constitute an admission by On Tap of any of the matters alleged by Hasty or of any violation by On Tap of any federal, state or local law, ordinance or regulation, or of any violation of any policy or procedure, or of any liability or wrongdoing whatsoever. Neither this Agreement nor anything in this Agreement shall be construed to be or shall be admissible in any proceeding as evidence of liability or wrongdoing by On Tap or any of its parents, subsidiaries, divisions, affiliated corporations, trustees, directors, officers, shareholders, agents, attorneys, insurers, or employees, or by Hasty. This

Agreement may be introduced, however, in any proceeding to enforce the Agreement. Such introduction shall be pursuant to an order protecting its confidentiality.

9. **EVENT OF COURT DISAPPROVAL OF AGREEMENT** – In the event that the Court does not approve this Agreement, the Agreement shall be void and unenforceable. The Parties agree that this Agreement is not meant to be, and will not be, construed as an admission that On Tap is liable in any respect. The Parties further agree that this Agreement may not be used for any purpose whatsoever in any future proceeding, including but not limited to all federal, state, or local proceedings, and On Tap shall be entitled to assert any and all applicable defenses to any of Hasty's claims. The Parties acknowledge that, if the Court does not approve this Agreement, they are in the same position they were immediately prior to the consummation of this Agreement.

10. **COURT ORDER MODIFYING AGREEMENT** – The Parties are asking the Court to approve this Agreement in its entirety. If not so approved, the Parties will work diligently and in good faith to re-draft this Agreement.

11. **GOVERNING LAW** – This Agreement shall be governed by the laws of the State of Alabama without regard to its conflict of laws provision. On Tap and Hasty: (a) consent to the personal jurisdiction of the state and federal courts having jurisdiction over Jefferson County, Alabama; (b) stipulate that Jefferson County, Alabama, for a state court proceeding, and the United States District Court for the Northern District of Alabama for a federal court proceeding are proper and convenient venues for every legal proceeding arising out of this Agreement; and (c) waive any defense, whether asserted by motion or pleading, that Jefferson County, Alabama, or the United States District Court for the Northern District of Alabama is an improper or inconvenient venue.

12. **COUNTERPARTS** – This Agreement may be executed in counterparts and each counterpart will be deemed an original.

13. **SECTION HEADINGS** – Section headings contained in this Agreement are for convenience of reference only and shall not affect the meaning of any provision herein.

14. **SEVERABILITY** – Should any term or provision of this Agreement be declared illegal, invalid or unenforceable by any court of competent jurisdiction and if such

provision cannot be modified to be enforceable, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the parties.

15. **NON-ASSIGNMENT** – Hasty agrees that she has not and will not assign this Agreement, any part of this Agreement, or any rights arising under this Agreement, to any person or entity. Hasty further represents and warrants that, as of the effective date of this Agreement, the Released Claims and/or claims set forth in this Agreement have not been sold, assigned or transferred, in whole or in part, to any other person or entity.

16. **KNOWING AND VOLUNTARY WAIVER** – Hasty acknowledges that she has consulted with an attorney before signing this Agreement, and that she has been given a reasonable period of time in which to consider the terms of this Agreement before acting upon it. Hasty represents that she has carefully read and fully understands all of the provisions of this Agreement; that she has discussed all aspects of the Agreement with her attorney; and that she has entered into this Agreement knowingly and voluntarily. When entering into this Agreement, Hasty has not relied on any representations or warranties made by the Parties, other than representations and warranties expressly set forth in this Agreement.

17. **ENTIRE AGREEMENT** – This Agreement sets forth the entire agreement between the parties hereto and fully supersedes any and all prior and/or supplemental understandings, whether written or oral, between the parties concerning the subject matter of this Agreement. Hasty acknowledges that she has not relied on any representations, promises or agreements of any kind made to her in connection with her decision to accept the terms of this Agreement, except for the representations, promises and agreements herein. Any modification to this Agreement must be in writing and signed by Hasty and On Tap's authorized representative.

IN WITNESS WHEREOF, the parties have executed and delivered this Agreement on the last date indicated below.

**FULTONDALE ON TAP, INC.**

By: _____

Name: CRAIG N BEEGLE

Title: OWNER

**DAISY HASTY**

_____
Daisy Hasty

**ON TAP SUMMIT, LLC**

By: _____

Name: CRAIG N BEEGLE

Title: OWNER

**ELAINE BEEGLE**

_____
Elaine Beegle

**TODD BEEGLE**

_____
Todd Beegle

# EXHIBIT B:
# DECLARATION OF
# JODY FORESTER JACKSON

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| DAISY HASTY, individually and on behalf of all others similarly situated Plaintiffs, | CIVIL ACTION NO.: 2:19-cv-01456-SGC |
| vs. | |
| FULTONDALE ON TAP, INC.; ON TAP SUMMIT, LLC; ELAINE BEEGLE; AND TODD BEEGLE, | **JURY TRIAL DEMANDED** |
| Defendant. | |

## DECLARATION IN SUPPORT OF MOTION TO APPROVE SETTLEMENT

### DECLARATION OF JODY FORESTER JACKSON

I, Jody Forester Jackson, hereby declare:

1. My name is Jody Forester Jackson

2. I am an attorney for the plaintiff in this action.

3. I was admitted to the practice of law in the State of Louisiana in 2004. I was admitted to the practice of law in the State of Alabama in 2008.

4. I have practiced in the area of employment for the last 17 years. Although I have experience handling other types of civil litigation, including in the

field of employment law, one of the main focuses of my practice is FLSA litigation.

5. I have represented both employees and employers in FLSA matters.

6. Attorneys and other timekeepers in my office use a case management and billing system to make contemporaneous records of their work on various matters. Invoices are generated using the case management and billing systems and thus consists of contemporaneously recorded time spent on this particular matter.

7. To the best of my knowledge, information and belief, this statement contains an accurate description of the services rendered by my firm, the amount of time devoted to this case and the expenses incurred in pursuit of same.

8. It is my professional judgment that all of the time expended by me or other members of my firm was necessary and reasonable. My work on this case included originating the case, conducting client interviews, researching and evaluating the important factual and legal issues in this case and reviewing pleadings, documents, and discovery.

9. My partner is Mary Bubbett Jackson. She was admitted to practice law in the State of Louisiana in 2004 and is was admitted to practice in the State of Florida in 2018.

2

10. Ms. Jackson has been engaged in the practice of law for 17 years. She has practiced in the area of employment for the last 12 years. Although she has experience handling other types of civil litigation, including in the field of employment law, one of the main focuses of her practice is FLSA litigation.
11. Ms. Jackson has represented both employees and employers in FLSA matters.
12. Ms. Jackson spent her time on this matter researching factual and legal matters and preparing various pleadings and discovery responses.
13. There are no other attorneys employed by my firm.
14. It is my judgment that this division of labor is consistent with customary practice and is the most economical fashion possible to litigate this matter consistent with our responsibility to competently and vigorously represent the Plaintiffs.
15. My firm's hourly rate is $350 per hour and we have previously had applications for fees in FLSA cases approved at this rate by other Courts.
16. The total number of hours my firm has expended on this matter is 58.1.
17. The total attorneys' fees in this matter are $20,335.00.
18. The total costs incurred in this matter are $611.10.

3

19. Thus, the total fees and costs in this matter are $20,946.10. In an effort to resolve this matter, my firm has agreed to reduce our fees and costs to $14,000.00.

20. I believe this reduction reflects a reasonable amount for attorneys' fees and costs.

21. A copy of my firm's invoices can be provided to the Court for *in camera* review upon request.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and is based upon my personal knowledge.

Executed this 15th day of January, 2021 at Pensacola, Florida.

_____
Jody Forester Jackson

4