# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DAISY HASTY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:19-cv-01456-SGC |
| FULTONDALE ON TAP, INC., et al., | ) ) ) |
| Defendants. | ) |

# **ORDER**[1]

This is an action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA") by Daisy Hasty, individually and on behalf of all others similarly situated, naming as defendants Fultondale On Tap, Inc; On Tap Summit, LLC; Elaine Beegle; and Todd Beegle. (Doc. 1).[2] The plaintiff and the defendants have filed a joint motion seeking approval of a settlement agreement resolving all claims asserted in this action. (Doc. 36). A copy of the proposed settlement agreement is attached to the motion, together with the declaration of Jody Forester Jackson, counsel for the plaintiff. (*Id.*). For the reasons discussed below, the motion is due to be granted, and this action is due to be dismissed with prejudice.

---

[1] The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. 15).
[2] At this stage of the litigation, the plaintiff has not attempted to certify a class or collective action.

**I.     Background**

The plaintiff was employed by the defendants as a bartender and waitress from February 2017 to July 2019. (Doc. 1). She alleges the defendants (1) enforced an invalid "tip credit" policy that resulted in her being paid less than minimum wage, (2) failed to pay her at a rate of at least one-and-one-half times her regular rate of pay for hours worked in excess of 40 each week, and (3) failed to pay her at all for some or all of the period from February 2019 to June 2019. (*Id.*). She seeks to recover both unpaid minimum wages and unpaid overtime compensation, liquidated damages, costs, and attorneys' fees. (*Id.*). The defendants deny they violated the FLSA. (Doc. 36).

Notwithstanding their respective positions, the parties acknowledge continued litigation of this dispute would be expensive and time-consuming and that the outcome of continued litigation is uncertain. (*Id.*). Given the foregoing, after an exchange of documents that permitted counsel for each party to evaluate all claims and defenses asserted and following extensive negotiations, the parties determined settlement of the plaintiff's claims is a mutually appealing option. (*Id.*). The terms of the proposed settlement are as follows:

1.     Within 10 days from the entry date of this order, the defendants shall deliver to the plaintiff's counsel (a) one check made out to the plaintiff in the amount of $2,678.02, less applicable withholdings; (b) one check made out to the plaintiff

in the amount of $3,321.98; and (c) one check made out to the plaintiff's counsel in the amount of $14,000.00.  (*Id.*).

      2.    In exchange for these monetary payments, the plaintiff agrees, *inter alia*, to release the defendants from all claims related to her employment by them and to keep the terms of the proposed settlement confidential.  (*Id.*).

The plaintiff's recovery under the terms of the proposed settlement represents all of the actual unpaid wages she alleges the defendants owe her and which she could recover at trial under the applicable two-year statute of limitations, together with liquidated damages.  (*Id.*).  The plaintiff states she is satisfied the proposed settlement is in her bests interests and constitutes a fair and reasonable compromise of her claims.  (*Id.*).

## II.    Discussion

An employer who violates the FLSA is liable to its employee for unpaid minimum wages or unpaid overtime compensation, as the case may be, together with an equal amount of liquidated damages (subject to a good faith defense).  29 U.S.C. §§ 216(b), 260.  Furthermore, in an action to recover sums owed under the FLSA, a court is required to award a prevailing plaintiff costs and reasonable attorneys' fees. § 216(b); *see also Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).  Parties cannot settle a private action for unpaid minimum wages or unpaid overtime compensation under the FLSA absent court approval.  *Lynn's Food Stores, Inc. v.*

*United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).  Before approving an FLSA settlement, a court must scrutinize the settlement to determine whether it is a "fair and reasonable resolution of a bona fide dispute."  *Id.* at 1353-55.

Having considered the allegations contained in the complaint, the parties' joint motion seeking approval of their proposed settlement agreement, and the proposed settlement agreement itself, the undersigned determines the terms of the proposed settlement constitute a fair and reasonable resolution of a bona fide dispute under the FLSA.

The undersigned notes the parties have stated the attorneys' fees payable to the plaintiff's counsel were determined separately from the total amount payable to the plaintiff and did not reduce or otherwise compromise the plaintiff's recovery. (Doc. 36).  *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (If "the plaintiff attorneys' fee is agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of the fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.").  The undersigned otherwise finds the amount of fees to be recovered by the plaintiff's counsel to be reasonable.

4

## III. Conclusion

For the foregoing reasons, it is **ORDERED** that the joint motion for approval of the proposed settlement agreement (Doc. 36) is **GRANTED**. The proposed settlement agreement is **APPROVED**. The claims asserted in this action are **DISMISSED WITH PREJUDICE**, with each party to bear their own costs. The court retains jurisdiction to enforce the terms of the settlement agreement.

**DONE** this 9th day of February, 2021.

_____
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE